[No. 7,502.—In Bank.]

ANASTACIO FELIZ ET AL. *v.* THE CITY OF LOS ANGELES.

WATER RIGHTS—PRESCRIPTION—LOS ANGELES RIVER.—In an action against the City of Los Angeles, for cutting off the water of the Los Angeles River from the plaintiff's ditch, the Court found that ever since the foundation of the pueblo of Los Angeles, in 1781, the pueblo and its successor, the city, had at all times exercised the control of, and claimed the exclusive right to use all the water of the said river; that this right

had been duly recognized, acknowledged, and allowed by the owners of the land at the source and bordering on said river—including the grantors of the plaintiffs—and that the use of the water by the plaintiff's grantors commenced by permission and under consent of the municipal authorities of the pueblo, and continued with such permission and consent, and not adversely, nor claimed as of right, until within the last three years, and thereupon judgment was entered for the plaintiffs. *Held*, that judgment should have been for the defendant on the findings.

APPEAL from a judgment for the plaintiff in the Superior Court of Los Angeles County. McNEALY, J.

A petition for hearing in Bank was filed in this case after judgment, and denied.

*John F. Godfrey*, for Appellant, in his brief, argued that under the Mexican laws the plaintiff acquired paramount right to the use of the waters of Los Angeles River, and that the use of the water of the river by riparian proprietors, under that law, was, and under the present law is, subject to the communal use of the pueblo, but as the case is decided by the Court upon another ground, his argument is omitted.

*A. H. Judson* and *J. S. Chapman*, for Respondents.

Plaintiffs being riparian owners, independent of any adverse use, had the right to a reasonable use of the stream, both for irrigation and domestic purposes. (*Eddy* v. *Simpson*, 3 Cal. 253; *Ferrea* v. *Knipe*, 28 id. 340; *Pope* v. *Kinman*, 54 id. 3; Angel on Watercourses, 6th ed. § 128.)

*F. H. Howard*, for Respondents, discusses in his brief the rights of the parties under the Mexican law, and his argument is omitted for the reason stated above.

MORRISON, C. J.:

The appeal in this case has been presented to the Court, on the judgment roll. This suit was brought by the plaintiffs against the city of Los Angeles, and the contest relates to the right to the use of the waters of the Los Angeles River, the plaintiffs claiming the right to use the same under an appropriation alleged to have been made by them or their grantors, in the year 1844, and the defendant claiming the *exclusive* right to use the same, for a period extending as far back as

the year 1781. On the trial in the Court below, judgment passed in favor of the plaintiffs, and an injunction was ordered against the city and its agents, etc., as prayed for in the complaint.

The plaintiffs are the owners of certain tracts of land described in their complaint, which are bounded on the easterly side by the Los Angeles River, and since the year 1844 they have used the waters of said river, through certain ditches constructed by them or their grantors, for the purpose of irrigating their said lands. In the month of May, 1879, the water in said river (in consequence of the use and diversion thereof by plaintiffs) became so reduced and diminished in quantity that a sufficient quantity thereof did not flow down the river below plaintiffs' ditches, to supply the wants of the city, and thereupon the said city, by its officers and agents, entered upon said ditches at their heads, and returned the water that was flowing through the same, to the bed of the river, and the city has ever since held possession of said ditches, and prevented the waters of the river from flowing therein, and has prevented the plaintiffs from using the waters of said river.

The loss of the water is the grievance complained of, and, after finding that the plaintiffs were entitled, as riparian owners, to divert a reasonable amount of the waters of the river for irrigation and domestic use, the Court " ordered, adjudged, and decreed, that the defendant, the city of Los Angeles, its successors, agents, officers, and attorneys, are perpetually enjoined and restrained from in any wise interfering with the ditch, or in any wise hindering or interfering with the said plaintiffs, or either of them, in their appropriation of a reasonable quantity of the waters of the aforesaid river, and using the same upon their said respective parcels of land for the purposes of irrigation and domestic uses." The following are the findings upon which the above decree was founded :

" 1. That in the year of 1781, pursuant to the laws of Spain and the rules and regulations providing for the government of the provinces of California, Los Angeles was duly formed into a pueblo and became entitled to all the rights of a pueblo according to said laws, rules, and regulations, and all

its rights as such pueblo since then were duly recognized and allowed by the Spanish and Mexican governments during their respective occupations and control of the same, and also by the respective provincial and departmental authorities of California.

"2. That the river of Los Angeles rises several miles above the former pueblo of Los Angeles, and runs down through said pueblo, and during the occupation and control of said pueblo by the Mexican Government, the municipal authorities at all times exercised control of and claimed the exclusive right to use the waters of said river and all thereof, which right was duly recognized, acknowledged, and allowed by the owners of the land at the source and bordering on said river, including the grantors of the plaintiffs, and that ever since the occupation and control of said pueblo by the Government of the United States, and that of the State of California, the municipal authorities of what is now the City of Los Angeles, have exercised the same control and claimed the same rights in regard to the waters of said river as was previously done by the authorities of said pueblo, except within the last two or three years, when the right of said city to said waters has been disputed by the plaintiffs and others, and a right claimed by them to use said waters; that the municipal authorities of said pueblo and said city exercised control of said waters, and claimed the exclusive right to their use as aforesaid, for the purpose of irrigating the lands of said pueblo and city, and for the domestic use of the inhabitants thereof.

"5. That the water of said river is necessary for the irrigation of the land within said city, and so confirmed as aforesaid, and also for the domestic use of its inhabitants, but until within the last two or three years all of said water has not been required in said city. For the last few years, during the irrigating season, all of said waters, as they naturally flow in said river, have not been sufficient for the irrigation of the irrigable portion of said lands and the domestic use of said inhabitants; and said city, at an expense of more than one hundred thousand dollars, has constructed reservoirs to husband and save said waters for uses in said city; that a large portion of the irrigable lands of said city are not irrigated, and never have been irrigated, which will require more than all the

waters of said river, with the present facilities and resources of said city for husbanding and supplying the same. That said city has been supplying the inhabitants of said city with said water for the uses aforesaid, and when there has been more than has been required for use in the city it has and still does sell to parties residing without, and to be used on lands without, the city.

" 6. That ever since about the year 1844 the plaintiffs and their grantors have owned, possessed, and cultivated the land claimed by them in their complaints, and have ever since irrigated the same from said river through the respective ditches mentioned in the respective complaints, to wit, the Chavez and Feliz ditches, to about the same extent as now irrigated by the plaintiffs, using the waters, also, for domestic purposes; and the waters of said river are necessary for the irrigation of said lands and for domestic use. But the uses of said waters were originally, by permission and under consent from the municipal authorities of said pueblo, and have ever since been, with such permission and consent, and not adversely nor claimed as of right until within the last three years, during which time (the last three years) plaintiffs have claimed, and still claim, the right to use said waters on their land and for domestic purposes.

" 7. That plaintiffs are the respective owners of the parcels of land claimed by them in their complaint, and the respective ditches therein referred to are used and are necessary to irrigate the same; and said ditches have always been in the exclusive possession and control of said plaintiffs and their grantors from about the year of 1844 until the 25th day of May, 1879.

" 8. That on the 25th day of May, 1879, the plaintiffs were respectively, and for several days prior thereto, diverting through said ditches, to the extent of about one hundred square inches in each of said ditches, the waters of said river to and upon their respective tracts of land aforesaid, and using the same thereon for irrigation and domestic purposes, and the same was no more than was reasonable and necessary therefor. By reason of such uses by plaintiffs, water became diminished in said river, and sufficient thereof could not and did not reach said city or its waterworks (plaintiffs' said

ditches having their points of diversions above said city and its waterworks) to supply what was reasonable and necessary for irrigation and domestic use in said city; and by reason of such diversion by plaintiffs a number of the inhabitants of said city were deprived of what was reasonable and necessary for the irrigation of their land in said city, and for their domestic purposes; and the defendant city lost on its sale of said waters more than fifty dollars on account of the diversions in each of the said ditches respectively. Whereupon on that day, and in order to supply the inhabitants and land of said city with sufficient water for said purposes, and in order to regulate and control the distribution of said waters in the most beneficial and regular manner, the said city, by its officers and agents, entered upon said ditches at their respective heads, and returned the water therein to said river and placed therein head-gates."

From the foregoing findings it appears that the Pueblo of Los Angeles was established by the Mexican Government, as early as the year 1781, just one century ago, and that during the occupation and control of said pueblo by the Mexican Government, the "municipal authorities exercised control of and claimed the *exclusive* right to use the waters of the Los Angeles River and all thereof, which right was duly recognized, acknowledged, and allowed by the owners of the land at the source and bordering on said river, including the grantors of the plaintiffs," and that down to the period of two or three years last past, the municipal authorities have continued to exercise the same control and have claimed the same rights with respect to the waters of said river as was previously done by the pueblo. It further appears from the findings in the case that the use of said waters by the plaintiffs and their grantors, was, in its origin, by permission and with the license and consent of the municipal authorities, and that such use has ever since been with the permission and consent of said authorities, and not adversely, nor claimed as a right, until within the last three years, during which time (the last three years) the plaintiffs have asserted an adverse claim to said waters.

Thus it will be seen that for nearly one hundred years the City of Los Angeles has asserted a claim to all the waters of

the Los Angeles River, and such claim has been recognized by all persons interested from the head of the stream and along its banks, including the plaintiffs and their grantors. We say including the plaintiffs, because it appears from the sixth finding that the use of the waters of the river was under the license, permission, and consent of the defendant, until within the last two or three years.

It was conceded on the argument that the city had appropriated *a portion* of the waters of the Los Angeles River, before the plaintiffs constructed their ditches, and that the use by the city to the extent of such appropriation could not be interfered with by any subsequent appropriation; but it was contended that the rights of the city were limited to the amount appropriated at the time plaintiffs or their grantors built their ditch. Such a construction of the defendant's rights would not be in harmony with the facts found by the Court. From the very foundation of the pueblo, in 1781, the right to all the waters of the river was claimed by the pueblo, and that right was recognized by all the owners of land on the stream, from its source, and, under a recognition and acknowledgment of such right, plaintiffs' grantors dug their ditches, and, by the permission and consent of the municipal authorities, plaintiffs thereafter used the waters of the river. Can they now assert a claim adverse to that of the city? We think not. The city, under various acts of the Legislature, has succeeded to all the rights of the former Pueblo. (Act approved April 4, 1850; Statute of 1854, p. 205; Statute of 1857, p. 329.)

We have not examined the rights of the defendant as they existed under the Spanish and Mexican laws, applicable to pueblos, for the findings in this case render such examination unnecessary.

From the fifth finding it appears that when the acts complained of were done by the officers and agents of the defendant, *all* of the waters of the Los Angeles River were required, and were not sufficient to supply the wants of the city, and we are of the opinion that it was the right of the municipal authorities to prevent any diversion of said waters, at that time, by the plaintiffs.

We do not intend to be understood as holding, nor do we

hold, that the city has the right at any time to dispose of the water for use upon lands situated without the limits, to the injury of the plaintiffs or other owners of land bordering on the river. On the contrary, we are of the opinion that the city has not that right. But as observed already, the findings in this case show that at the time of the acts complained of there was not sufficient water in the river for the needs of the inhabitants of the city, and we hold that, to the extent of the needs of its inhabitants, it has the paramount right to the use of the waters of the river, and the further right, long exercised and recognized, as appears from the findings, to manage and control the said waters for those purposes.

Judgment reversed, and the Court below is instructed to enter judgment in favor of defendant upon the findings.

MYRICK, J., McKEE, J., ROSS, J., SHARPSTEIN, J., and THORNTON, J., concurred.

McKINSTRY, J., took no part in this decision.